UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAINE SCHOOL ADMINISTRATIVE ) <br> DISTRICT NO. 56, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MS. W, on her own behalf and on behalf ) <br> of her son, KS, ) <br> ) <br> Defendants. ) | Civil No. 06-81-B-W |

**RECOMMENDED DECISION ON IDEA ATTORNEY'S FEE PETIION**

Ms. W, the mother of KS, was the victor in a due process hearing conducted by a State of Maine hearing officer under the Individuals with Disabilities Education Act and related Maine statutes and regulations. The hearing officer found that Maine School Administrative District 56 failed to develop an individualized education program to address KS's unique special education needs for the 2004-2005 and 2005-2006 school years, thereby denying him a free appropriate public education. The hearing officer further found that a private placement initiated by KS's parents for the 2005-2006 school year was an appropriate placement and awarded the family partial tuition reimbursement despite finding that they had failed to provide the District with proper advance notice of the private placement. The District filed suit in July 2006 seeking a reversal of the hearing officer's order and I recommended that the Court affirm the hearing officer's award. The District Court Judge affirmed. Now before the court is a petition by Ms. W seeking fees and costs as a prevailing party. (Docket No. 14.)

*Discussion*

The parties and the Court are well aware of the underlying dispute between the parties, the hearing officer's conclusions, and the substance of this court's review of that determination. See Me. School Admin. Dist. No. 56 v. Ms. W., Civ. No. 06-81-B-W, 2007 WL 922252, (D. Me. Mar. 27, 2007). In that case I summarized as follows:

> The District challenges the hearing officer's findings that the District committed a "serious violation" of the procedural component of the IDEA in regard to developing KS's IEP and failed to develop an appropriate IEP for KS between March 2004 and June 2005, thereby denying him a FAPE. In addition, the District challenges the hearing officer's decision to issue an award of tuition reimbursement to the parents, arguing that the Come Spring School was not an appropriate private placement and that the parents failed to timely notify the District of the private placement to enable it to address the parents' stated concerns through the IEP. I find that the District's objection about procedural violations are largely warranted, in that it would be a stretch to conclude that the District deprived KS of a FAPE based exclusively on procedural shortcomings, but that the record is sufficient to justify the hearing officer's finding that the IEPs in question were deficient as well as her award of partial tuition reimbursement.

Id. at 7.

"The district court has great discretion in determining the size of a fee award granted to a prevailing party. The critical factor guiding the court's discretion is the 'degree of success obtained.'" Fenneman v. Town of Gorham, 802 F. Supp. 542, 548 (D. Me. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). "However, there is no precise formula for making the determination." Id.

*Fee Petition*

Using a lodestar method, Ms. W now seeks reimbursement for attorney fees of $34,523 (181.60 hours at a rate of $190 an hour) and expenses of $606.66. The fees cover both counsel's representation related to the due process hearing and defending the appeal by the District to this court.

2

The District does not dispute that Ms. W was the prevailing party or the proposed hourly rate.  In dissecting the time records (see Docket No. 14-2) the District does argue for a reduction of 1.3 hours for services on September 26, 2006, service it sees as unrelated to this litigation. With respect to charged expenses it argues, citing Borough of Palmyra Board of Education, 31 IDELR 3 (D.N. J. 1999), that the $97.00 charge for meals should be subtracted from the expenses.  By not filing a reply to the District's objection, Ms. W has not contravened these bookkeeping adjustments.

More significantly, the District further argues that "the fee request should be reduced because of the significant aspects of this in which the Family did not achieve success."  (Obj. Pet. at 3.)  It contends that the attorney fees related to the due process hearing should be cut in half because the family initiated the due process hearing seeking the full cost of tuition but the hearing officer awarded only fifty-percent of the tuition.  (Id. at 6.)  With respect to the fees stemming from the district court appeal, the District seeks a forty-percent reduction.  In arriving at this discount percentage the District first argues that this court rejected the family's argument that the procedural violation that occurred did not justify an award of tuition reimbursement, which was one of four issues on appeal. Thus, in its view, this warrants a twenty-five-percent reduction of the appeal-related fees.  Second, the District points out that this court disagreed with Ms. W when it concluded that KS had made significant gains in reading and that the IEP adequately addressed KS's emotional needs.  This warrants, in the District's mind, an additional fifteen-percent reduction in the fees because this disagreement was roughly two-thirds of the twenty-five-percent of fees attributable to another of the four claims on appeal.

The odd thing about the district's position is that, in arguing that the fees for the due process hearing should be reduced, it urges the court to adopt a rule in this IDEA case that the

most critical factor in determining the reasonableness of a fee award is the degree of success obtained, see Farrar v. Hobby, 506 U.S. 103, 114 (1992), with primary attention to the amount of damages awarded as compared to the amount sought, id. at 575. Here, the family sought full tuition reimbursement but was only awarded half as a consequence of the due process hearing officer's determination that Ms. W failed to provide adequate notice to the District. Yet, in a contradictory vein the District wants a reduction in fees incurred by the family based on this court's disagreements[1] with some of the Ms. W-friendly conclusions of the hearing officer vis-à-vis the District's discretionary appeal. The District does not put any weight on the fact there was no reduction of the due process officer's tuition reimbursement award by this Court.[2]

With respect to the due process hearing, the family prevailed on more issues than the tuition reimbursement (although ultimately I did not agree with the hearing officer on all those determinations). It was the District that decided to appeal. So, if there is going to be a reduction on appeal for losing on a ground that the due process officer found in favor of the family, then should there not be an award of fees for having prevailed on those very same issues in the due process hearing? And on appeal Ms. W was able to preserve the tuition reimbursement award of the hearing officer – indeed, in answering the District's complaint she did not really seek anymore than the one-half tuition award (Answer & Counter-Claim at 5, Docket No. 4)[3] -- so, on the District's Farrar fee theory would not she get all her appeal-related attorney fees?

With respect to Farrar's command to give weight to damages awarded compared with those sought, as Justice O'Conner pointed out in her concurrence:

---

[1] It may not be going too far to say that the District wants Ms. W's fee award discounted for every qualm I expressed that supports the District's position.

[2] As I noted in my recommended decision on the appeal, there was "no real controversy over the hearing officer's factual findings that Ms. W failed to provide the District with sufficient notice. The controversy exist[ed] in the hearing officer's decision to reduce rather than deny an award of tuition reimbursement." Me. School Admin. Dist. No. 56 v. Ms. W., 2007 WL 922252 at *12.

[3] See infra note 4.

4

> If ever there was a plaintiff who deserved no attorney's fees at all, that plaintiff is Joseph Farrar. He filed a lawsuit demanding 17 million dollars from six defendants. After 10 years of litigation and two trips to the Court of Appeals, he got one dollar from one defendant. As the Court holds today, that is simply not the type of victory that merits an award of attorney's fees.

506 U.S. at 116 (O'Conner, J., concurring). The District asks this court to embrace the Farrar emphasis on the relative monetary success of the prevailing party but the type of damages sought in a 42 U.S.C. § 1983 case such as Farrar is not on all fours with seeking tuition reimbursement in an IDEA case. Furthermore, in IDEA cases there are many more instances in which non-monetary "change in conduct that redresses the plaintiff's grievances," see Hewitt v. Helms, 482 U.S. 755, 761 (1987), are central to the dispute.

It is my recommendation that the Court award Ms. W the following:

With respect to costs, Ms. W is entitled to $509.66.

With respect to attorney fees associated with the due process hearings, I accept the District's calculations that $25,479 in fees for 134.1 hours is attributable to that proceeding. Ms. W was very successful in persuading the hearing officer on the majority of her arguments. Although Ms. W made a procedural miscue and the hearing officer reduced the reimbursement by half as it pertained to tuition and transportation expenses, I see no reason to punish that miscue twice by reducing counsel fees by half as well. There were many other issues that needed to be argued and won to arrive at a point where the hearing officer was even willing to consider tuition reimbursement as a remedy. The hearing officer's order contains nine separate paragraphs granting some sort of affirmative relief. (Due Process Hr'g Order at 32, Docket No. 1). In my view, given the nature of an IDEA proceeding and amount of fees requested, Ms. W is entitled to recover all those fees incurred.

With respect to attorney fees associated with the appeal, there are 46.3 hours of attorney time attributable to the appeal to this court for a fee of $8,797.  In my opinion Ms. W is entitled to the full amount of the fees related to defending the appeal filed by the District.   In the face of that appeal, Counsel preserved the outcome of the due process hearing and was asking only that the Court fully uphold the decision of the hearing officer and order compliance by the District with that order.[4]

Under the circumstances of this case, this recommended award most certainly does not create a windfall for Ms. W's attorney. See Farrar, 506 U.S. at 115; Riverside v. Rivera, 477 U.S 561, 580 (1986).  The District does not dispute the reasonableness of the hourly amount or the number of hours expended, with the limited exceptions that I have disallowed.  In order for Ms. W to achieve the success she obtained before the hearing officer, that time had to be spent. Given the nature of the IDEA process, Ms. W, as the prevailing party in this appeal brought by the District, should be entitled to recover her reasonable attorney fees for both the due process hearing and the court appeal.[5]

## Conclusion

For the reasons stated above, I **RECOMMEND** that the Court award attorney fees in the amount of $34,276 ($25,479 + $8,797) and costs in the amount of $509.66.

---

[4] In her responsive brief Ms. W did note that in Lamoine Sch. Committee v. Ms. Z, 353 F. Supp. 2d 18 (D. Me. 2005), the Court awarded approval of  full tuition reimbursement even with a notice problem and argued that the hearing officer in this case could have awarded full tuition. (Resp. Brief. At 17-18.)  She did also suggest that this court would be following precedent to increase the award to full reimbursement. (Id. at 18.)  However, the thrust of the answer and responsive brief is a request that the Court affirm the due process determination.  It would not be fair to construe this soft-peddled observation as a failure to succeed on an issue on appeal.

[5] Ms. W also notes that she might assert her right to fees pertaining to this fee petition. (Fee Pet. at 7.)  I cannot see that there would be reason to revisit the entitlement to (further) fees as Ms. W could have included her time for preparing the petition in the initial fee petition and she has not felt it was necessary to file a reply.  My recommendation concerning the fee award will most likely satisfy Ms. W.

## NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


            /s/ Margaret J. Kravchuk
            U.S. Magistrate Judge

July 16, 2007